```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X

UNITED STATES OF AMERICA                    NOT FOR PUBLICATION

                                            MEMORANDUM & ORDER
     -against-
                                            09-CR-493 (KAM)


SAURI MOREL,

                    Defendant.

-----------------------------------X
```

**MATSUMOTO**, United States District Judge:

Defendant Sauri Morel ("defendant" or "Morel") is charged in a July 2009 indictment with knowingly and intentionally importing into the United States five kilograms or more of a substance containing cocaine, and knowingly and intentionally attempting to distribute and possess with intent to distribute five kilograms or more of a substance containing cocaine, in violation of Title 21 U.S.C. Sections 952(a), 960(a)(1), 960(b)(1)(B)(ii), 841(a)(1), 846, and 841(b)(1)(A)(ii)(II) and Title 18 U.S.C. Sections 2 and 3551 *et seq.* (*See* ECF No. 7, Indictment.)  Pending before the court is Morel's motion for reconsideration (ECF No. 72, Mot. for Recons. of Suppression Hearing Ruling ("Mot. Recons.")) of this court's June 18, 2010 Memorandum & Order, which granted in part and denied in part Morel's motion to suppress his post-arrest statements (ECF No. 40, Order Granting in Part and Denying in

Part Mot. to Suppress ("Suppression Order")).  The government
did not submit a response.

Defendant filed a motion to suppress his post-arrest
statements on March 19, 2010.  (ECF No. 23, Mot. to Suppress
Statements and Cell Phone Evidence Seized; ECF No. 27, Def.
Affirmation in Support of Mot. to Suppress.)  The court held a
Suppression Hearing on April 19 and 22, 2010.  (*See* ECF Minute
Entries dated 4/19/10 and 4/22/10.)  Defendant filed a post-
hearing letter in support of his motion to suppress.  (ECF No.
34, Def. Post-Hearing Ltr.)  In his post-hearing submission,
Morel argued that all post-arrest statements must be suppressed,
in part, because they were obtained in violation of his Fifth
Amendment right to counsel.  (*Id.* at 6-7.)  Defendant argued
that the testimony at the Suppression Hearing supported the
conclusion that all post-arrest statements were made after Morel
invoked his right to counsel.  (*Id.* at 6 ("Reviewing [Agent]
Reed's testimony on the point it is clear based on repeated
questioning and responses that that [sic] the request [for
counsel] came prior to the inculpatory statement.").)  By an
Order dated June 18, 2010, the court granted in part and denied
in part defendant's motion to suppress.  (*See* Suppression
Order.)  Specifically, the court suppressed Morel's statement
admitting to knowing that the shipments he was picking up
contained narcotics, finding that the statement was made after

Morel invoked his right to counsel and that the agents continued to question Morel without an attorney present after that invocation, in violation of the Fifth Amendment. (*See id.*) The court denied the motion to suppress the remaining post-arrest statements, finding that they were made prior to the invocation of counsel and after Morel knowingly and voluntarily waived his *Miranda* rights. (*See id.*) The unsuppressed statements include Morel's admission that he was paid $5,000 to pick up the shipment from the John F. Kennedy International Airport ("JFK") on June 21, 2009. (*See id.*)

In his motion for reconsideration of the Suppression Order, filed on October 8, 2010, Morel sets forth substantively identical arguments contained in his prior submissions. (*See Def. Mot. Reconsideration.*) Defendant once again reviews the Suppression Hearing testimony, and argues that the testimony is more consistent with a finding that the statement that Morel was paid $5,000 to pick up the shipment, if it was at all made, was made after Morel invoked his right to counsel. (*See id.*)

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d

255, 257 (2d Cir. 1995); *see United States v. Gunn*, 366 F. App'x
215, 220 (2d Cir. 2010) (applying standard from *Shrader* to a
criminal case); *United States v. Basciano*, No. 05-cr-060, 2009
U.S. Dist. Lexis 3518, at *2-*3 (E.D.N.Y. Jan. 20, 2009)
(stating that "when deciding motions for reconsideration in
criminal matters, courts in this district have resolved such
motions according to the same principles that apply in the civil
context," and applying the standard from *Shrader* (internal
quotation marks and citation omitted)). By merely reiterating
the same arguments previously rejected by the court, and by
failing to cite any authority the court overlooked that could
reasonably be expected to alter the court's conclusion, Morel
fails to meet this strict standard. Moreover, the court has
again reviewed the Suppression Hearing transcripts and, as
previously determined, defendant's statement that he was paid
$5,000 to pick up the shipment at JFK on June 21, 2009 was made
after he was twice provided *Miranda* warnings and before he
requested counsel.

/

/

/

/

/

/

For these reasons, Morel's motion for reconsideration is denied.

**SO ORDERED.**

Dated: October 28, 2010
        Brooklyn, New York

_____    /s/_____  
KIYO A. MATSUMOTO  
United States District Judge  
Eastern District of New York
